IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

DORA L. ADKINS,
P.O. BOX 3825
MERRIFIELD, VA 22116

    Plaintiff (*pro se*),

    V.   CIVIL ACTION NO.: 1:22-CV-1009

AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,
Registered Office Address:
CT Corporation System
4701 Cox Rd Ste 285
Glen Allen, VA, 23060 - 6808, USA

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

## COMPLAINT

1. This action seeks redress for the unlawful practices of Defendant American Express Company ("Amex" or "Bank"), for providing, in connection with its credit-card accounts, disclosures with inaccuracies or omissions that violated the Truth in Lending Act ("TILA").

2. As alleged in greater detail below, Amex failed to furnish billing statements with complete and accurate information, or clear and conspicuous information, regarding the methods Plaintiff can and cannot make payments on Plaintiff's credit card account; a payment change in the due-date which has been ignored; caused a drop of 40-points in Plaintiff's overall Credit Bureau's Credit Score; change in interest rates that was later and recently

1

determined an error by Amer; and recently alerted Plaintiff Credit Bureau Reporting Alert; as required by TILA and its implementing regulations.

3. TILA's purpose is to assure meaningful disclosure of credit terms in order to (i) allow consumers to compare more readily the various credit terms available; (ii) enable consumers to avoid the uninformed use of credit; and (iii) protect consumers against inaccurate and unfair billing practices. The Bank's conduct violates the express provisions of the TILA and the applicable Regulations.

4. Defendant's failure to properly provide the required disclosure on the billing statements sent to Plaintiff preserving billing rights is contrary to the enunciated purposes of TILA; this inadequate disclosure, instead of enabling them to avoid the uninformed use of credit, does the opposite.

5. Defendant's failure to make this disclosure resulted in the economic harm, or the risk of economic harm, to Plaintiff.

6. Moreover, Defendant's failure to make this disclosure resulted in the harm, or the risk of harm, to the levels of credit consumer protection and information that Congress mandated for open-end credit users like Plaintiff.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, as well as under 15 U.S.C. § 1640(e), because this action arises under TILA, 15 U.S.C. § 1601, et seq.

8. This Court should exercise review of this action because Defendant furnished a billing statement or statements to Plaintiff that, failing to fully and properly disclose the procedure for making monthly payment—in violation of the statute and its implementing regulatory provision—constituted a concrete and particularized injury to Plaintiff's informed use of credit and to Plaintiff. U.S. Const., Art. III, §2, Cl. 1.

9. Plaintiff Dora L. Adkins resides in Fairfax County, in particular Plaintiff's mailing address is P.O. Box 3825, Merrifield, Virginia, 22116.

10. Adkins is a "consumer," as that term is defined by § 1602(h) of TILA, because this complaint arises from the Bank's offer and extension of credit to Adkins, and Adkins' use of that credit account for personal purposes.

11. Upon information and belief, the Bank is a corporation doing business in the State of Virginia and throughout the United States.

12. Amex is a "creditor," as that term is defined by § 1602(f) of TILA and Regulation Z ("Regulation Z"), 12 C.F.R. §1026.2(a)(17), because at all relevant times, the Bank, in the ordinary course of its business, regularly – i.e., more than 25 times a year – extended or offered to extend consumer credit for which a finance charge is or may be imposed, which is payable in more than four installments. Factual Allegations

3

13. Adkins is the holder of a credit card account issued by Defendant and used for personal purposes.

14. Plaintiff after paying by calling American Express Toll-Free Telephone Number 1-833-698-2555 for approximately seven payments and/or seven months and making payments using Plaintiff's Debit Card over the telephone was told there were no funds in Plaintiff's checking account to make the payment which was completely false. American Express attempted to FORCE Plaintiff into allowing direct monthly payments from Plaintiff's checking account. Amer. Action caused Plaintiff severe and debilitating pain and suffering, because Plaintiff knew the information was false as it related to Plaintiff Band declining the payment to Amer. Exhibit A.

15. Plaintiff attempted a second and third month to pay using the Debit Card using the Toll-Free Telephone Number 1-833-698-2555 and was now informed without any notification that American Express no longer accepts payment over the telephone, rather than stating Plaintiff had no funds in the checking account to use Plaintiff's Visa Debit Card that had been successfully used for 7-months by the Plaintiff. Exhibit B.

16. Plaintiff applied for increases to the $6,000.00 credit line and while Plaintiff was informed that application could not be made for an increase every 6-months, the timeframe changed according to who Plaintiff spoke to at

4

American Express not realizing the attempted increase for Credit increases was causing Plaintiff's Credit Score to drop by 40-points. Exhibit C.

17. American Express increased fixed interest rates for Plaintiff without giving notification as per the Truth in Lending Act. American Express increased the interest rate after a large amount was charged by the Plaintiff on the American Express Card, and recently sent notification to the Plaintiff that an error had been made. Exhibit D.

18. Plaintiff on September 3, 2022, sent Plaintiff an Email alerting Plaintiff of Credit Bureau Reporting Alert which is harassment since Plaintiff have not been late in paying Plaintiff monthly statement. Plaintiff changed the statement date so that the eight days it was taking American Express to process Plaintiff's payment sent on the 1st of EVERY Month after Plaintiff's payment was declined by American Express by telephone with Plaintiff's Debit Card. Exhibit E.

19. Congress originally authorized the Federal Reserve Board ("FRB" or "Board") to promulgate regulations granting it broad authority to effectuate the purposes of TILA; that authority is now delegated to the Consumer Financial Protection Bureau (the "CFPB"). 15 U.S.C. § 1604(a) (2008); 15 U.S.C. § 1604(a).

5

21. The set of regulations that the FRB promulgated to implement TILA is known as Regulation Z. 12 C.F.R. §226.1, et seq.

22. To reflect its assumption of TILA rulemaking authority as of July 21, 2011, the CFPB issued an interim final rule republishing Regulation Z and adopting the FRB's promulgated regulations with only minor changes that did not impose any new substantive obligations on creditors. 76 FR 79768 (Dec. 22, 2011); 12 C.F.R. §1026.1, et seq. 43. TILA requires open-end credit issuers such as the Bank to send a periodic statement after the close of the billing period ("Billing Statement") to its customers with an outstanding balance on their credit card accounts. 15 U.S.C. §1637(b).

23. Over a decade ago, Congress began to more closely examine various practices in the credit card industry it deemed "abusive" and proceeded to amend TILA to put a halt to them. H.R. Rep. 111-88 at 10-12 (April 27, 2009); S. Rep 111- 16 at 1-10 (May 4, 2009).

24. In addition to curbing the abusive practices, Congress, in keeping with the purposes of the statute—to help consumers avoid the uninformed use of credit, to help consumers better compare credit options, and to avoid unfair billing practices—amended TILA to provide for enhanced penalties to credit-card lenders who violated the statute: twice the finance charge involved, with a minimum of $500 and a maximum of $5,000, "or such

6

higher amount as may be appropriate in the case of an established pattern or practice of such failures." 15 U.S.C. §1640(a)(2)(A)(iii).

25. Congress made a legislative judgment that monthly disclosures were the best way to inform consumers how to properly exercise their billing rights. In other words, while Congress could have decided to counter some risk by requiring only an annual disclosure, it instead undertook to further reduce that risk by requiring creditors to perpetually remind consumers how to dispute a charge and properly exercise their billing rights.

26.     WHEREFORE, Plaintiff Dora L. Adkins prays on Plaintiff's behalf that judgment be entered against Defendant as follows: Plaintiff is seeking a Total of 200-Million Dollars. 100-Million Dollars for Intentional Infliction of Emotional Distress and 100-Million Dollars for Punitive Damages. (3) Such other and further relief as to this Court may deem just and proper.

### Jury Demand

Plaintiff respectfully requests a trial by jury.

AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,
Registered Office Address:
CT Corporation System
4701 Cox Rd Ste 285
Glen Allen, VA, 23060 - 6808, USA

7

Principal Office Address:
200 Vesey St.
New York, NY, 10285, USA


Dated: September 6, 2022                    Respectfully Submitted,

                                            By: /s/ Dora L. Adkins, pro se
                                            P.O. Box 3825
                                            Merrifield, VA 22116